IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

    V.                          Criminal No. 07-20021

PATSY STEPHENS                                              DEFENDANT

## MEMORANDUM OPINION & ORDER

On this 9th day of January 2008, comes on for consideration Defendant's Motion for New Trial and supporting brief (Docs. 28-29) and the Government's Response (Doc. 30).  For the reasons set forth herein, the motion is DENIED.

## Background.

On November 28, 2007, this matter came on for trial to a duly selected jury consisting of twelve members.  The trial continued until November 30, 2007, when the case was submitted to the jury and unanimous guilty verdicts were reached on all eight counts of wire fraud as charged in the Indictment.

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, Defendant moves for a new trial contending that the verdict is contrary to the evidence resulting in a miscarriage of justice.  The Government objects and requests the Court to sustain the jury verdict.

## Motion for a New Trial.

When a district court considers a motion for a new trial, it may grant the motion if a miscarriage of justice would occur were

-1-

**AO72A**
**(Rev. 8/82)**

the verdict to stand.  *U.S. v. Campos*, 306 F.3d 577 (8th Cir.
2002).  The decision is "within the sound discretion of the trial
court.  While the district court's discretion is quite broad – it
can weigh the evidence, disbelieve witnesses, and grant a new
trial even where there is substantial evidence to sustain the
verdict – there are limits to it."  *Id.*  (internal quotation and
citation omitted).  "Motions for new trials based on the weight of
the evidence are generally disfavored," and the district court
must grant a new trial "sparingly and with caution."  *Id.*
(internal quotation omitted).  A district court should not grant
a motion for a new trial simply because it would have reached a
different verdict.  *U.S. v. Fazio*, 487 F.3d 646 (8th Cir. 2007).
In *Fazio*, the Eighth Circuit upheld the district court's denial of
a new trial finding:

> There was evidence to support the verdict.  It may or
> may not have been the same verdict we would have
> rendered had we sat on the jury.  However, what the
> district court, or appellate court, thinks of a
> defendant's guilt or innocence is of little import if
> there is sufficient evidence to support the jury's
> guilty verdict.  The jury watched and heard each witness
> testify, viewed the documentary evidence, and came to a
> conclusion about who and what to believe.

*Id.* at 656.

In order to prove Defendant guilty of wire fraud, the
Government needed to show: (1) the defendant voluntarily and
intentionally devised or made up a scheme to obtain money by means
of material false representations or promises or to defraud

-2-

another out of the intangible right to honest services by submitting and receiving payment for false traveling expense vouchers; (2) the defendant did so with the intent to defraud; (3) it was reasonably foreseeable that wire communication in interstate commerce would be used; and (4) the wire communication in interstate commerce was used in furtherance of some essential step in the scheme.

As acknowledged by Defendant in her Motion, most of the material facts in this case were undisputed. The evidence at trial was undisputed that a scheme to defraud Defendant's employer existed and that interstate wire communications were used in furtherance of the scheme. Further, Defendant admitted to falsifying the travel expense vouchers. The issue was whether she knowingly participated in the scheme with the intent to defraud her employer.

As is often the case, direct evidence of Defendant's mental state was not presented by the Government. However, the Government is permitted to and often does prove a defendant's criminal intent with circumstantial evidence. *See U.S. v. Idriss*, 436 F.3d 946 (8th Cir. 2006). Further, the jury "is entitled to scrutinize and make reasonable inferences from defendant's conduct and from all facts surrounding the incident in question." *U.S. v. Pitts*, 508 F.2d 1237 (8th Cir. 1974).

As pointed out by Plaintiff, there was evidence at trial that

-3-

Defendant believed she was involved in a confidential project for the benefit of her employer and that she trusted her supervisor, Tom Coughlin, when he told her that it was alright to submit the vouchers.   However, the evidence indicated that Defendant knew that submitting the false vouchers was contrary to her employer's policy and would, under normal circumstances, result in her termination.   Further, Defendant testified that although she was suspicious at times, she never confronted Coughlin and continued to submit the false vouchers.   Additionally, the time period of the scheme alleged in the indictment spanned a period of five years and that, no doubt, was an important factor in the jury's decision.

While the Court may or may not have reached the same verdict as the jury in this matter, the jury was entitled to determine whether or not to believe Defendant's testimony that she was unaware of a scheme to defraud her employer and thought she was doing something to benefit her employer.   The Court is not convinced, as alleged by the Government, that Defendant personally received any funds from submitting the false vouchers.   However, Defendant may have otherwise benefitted and that is sufficient. While it was a close case, we do not find that the evidence weighs heavily enough against the jury's verdict to render Defendant's conviction a miscarriage of justice.   Accordingly, Defendant's Motion for New Trial is DENIED.

-4-

**Conclusion and ORDER**.

Based on the foregoing, the Court finds that Defendant's Motion for New Trial (Doc. 28) should be and hereby is DENIED.

IT IS SO ORDERED this 9th day of January, 2008.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)